**Jeff POKORNY; et al., Plaintiffs–Appellees,**

---

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Dennis Obado, Objector–Appellant,

v.

QUIXTAR, INC.; et al., Defendants–Appellees.

No. 13–17141

United States Court of Appeals, Ninth Circuit.

Submitted July 5, 2016 * San Francisco, California

FILED July 7, 2016

David Boies, Boies, Schiller & Flexner LLP, Armonk, NY, Sigrid S. McCawley, Stuart Harold Singer, Carlos M. Sires, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL, David William Shapiro, Boersch Shapiro LLP, Oakland, CA, for Plaintiffs–Appellees.

Dennis Obado, New Brunswick, NJ, Pro Se.

Charles Matthew Andersen, Winston & Cashatt, Spokane, WA, James William Blue, Jr., Northern Blue LLP, Chapel Hill, NC, Ralph Joseph Gabric, James Robert Sobieraj, Brinks Hofer Gilson & Lione, James M. Schurz, William L. Stern, Morrison & Foerster LLP, San Francisco, CA, for Defendant–Appellee Quixtar, Inc.

Charles Matthew Andersen, Winston & Cashatt, Spokane, WA, James William Blue, Jr., Northern Blue LLP, Kevin Hamilton Breck, Breck Law, LLC, Jacksonville, OR, Donald W. Carlson, Carlson, Calladine & Peterson LLP, San Francisco,

CA for Defendants–Appellees James Ron Puryear, Jr., Georgia Lee Puryear, World Wide Group LLC.

Charles Matthew Andersen, Winston & Cashatt, Spokane, WA, James William Blue, Jr., Northern Blue LLP, Benjamin K. Riley, Bartko Zankel Bunzel & Miller, San Francisco, CA, Defendants–Appellees Britt Worldwide LLC, American Multimedia, Inc., Britt Management, Inc., Bill Britt, Peggy Britt.

Before: SILVERMAN and NGUYEN, Circuit Judges and GARBIS,** District Judge.

MEMORANDUM ***

Dennis Obado appeals from a district court order denying his motion to be reinstated as a class member after he had previously opted out. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. While there may be circumstances where equity requires a district court to allow a person to rejoin a class after opting out, this is not such a case. Obado's motion to rejoin the class was filed more than nine months after the opt-out deadline and more than two months after the second claims deadline. His excuse for that late filing—that he never received the January 13 claims notice—was contradicted by the claims administrator's representations that the notice was mailed to Obado's address and not returned as undeliverable. Under these circumstances, the district court was well within its discretion in denying Obado's motion.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** The Honorable Marvin J. Garbis, District Judge for the United States District Court for the District of Maryland, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

2. Obado's ineffective assistance of counsel claim is not cognizable. Such a claim does not exist in the civil context. Even if it did exist, it would lack merit here. Class counsel did not represent Obado during the relevant proceedings.

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provid-